UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>1617 JFK Blvd, Suite 520<br>Philadelphia, PA 19103<br>　　　　　Plaintiff,<br><br>v.<br><br>SHAHNAWAZ MATHIAS,<br>a/k/a Shah Mathias,<br>3255 Cape Horn Road, Apt. 163<br>Red Lion, PA 17356<br><br>AMERI METRO, INC.,<br>2575 Eastern Boulevard<br>York, PA 17402<br><br>PENNDEL LAND DEVELOPMENT CO., and<br>2575 Eastern Boulevard<br>York, PA 17402<br><br>HSRF TRUST,<br>2575 Eastern Boulevard<br>York, PA 17402<br>　　　　　Defendants. | CIVIL ACTION NO.: 1:25-cv-02313<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND IMPROPER VENUE**<br><br>RECEIVED<br>Mailroom<br>AUG - 4 2025<br>Angela D. Caesar, Clerk of Clerk<br>U.S. District Court, District of Columbia |

Defendant Shahnawaz Mathias ("Mathias"), appearing pro se, respectfully moves this Court under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. In support, Mathias states:

### I. LACK OF SUBJECT MATTER JURISDICTION

1. The SEC asserts subject matter jurisdiction under Sections 20(b), 20(d), and 22(a) of the Securities Act and Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 77t(b), 77t(d), 77v(a), 78u(d), and 78aa, respectively. However, federal jurisdiction is not automatic; the Supreme Court requires that the claim's "very success depends on giving effect to a federal requirement." See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 382–83 (2016).

2. The SEC's complaint is devoid of any factual allegations that the alleged fraudulent conduct, unregistered securities offers, or any material act or transaction constituting the alleged violations occurred in the District of Columbia. The complaint describes all relevant conduct as occurring in Pennsylvania or via internet/telephone communications, with all defendants and related entities based in Pennsylvania or Delaware.

3. The SEC's only D.C.-related allegation is that "filing of false and misleading documents with the Commission" occurred "within this district."5 However, the mere filing of documents with the SEC's headquarters in D.C. does not constitute a "transaction constituting the violation" for venue or jurisdictional purposes. See SEC v. Johnson, 2006 WL 2053379, at *2 (D.D.C. July 21, 2006) (rejecting venue based solely on SEC filings in D.C.); see also Leroy v. Great Western United Corp., 443 U.S. 173, 185 (1979).

4. The Supreme Court in Morrison v. National Australia Bank Ltd., 561 U.S. 247, 266–67 (2010), requires that the focus for Exchange Act claims is on "purchases and sales of securities in the United States," not the location of regulatory filings. The complaint alleges all offers, sales, and investor contacts occurred outside D.C.

## II. LACK OF PERSONAL JURISDICTION

5. The SEC claims personal jurisdiction and venue are proper because "Defendants transact business in this district and violations of the securities laws alleged in this Complaint occurred within this district, including the filing of false and misleading documents with the Commission."5 Yet the complaint contains no factual allegations that Mathias or any entity transacted business in D.C., had offices, employees, or operations in D.C., or directed any conduct toward D.C. residents.

6. The only "contact" with D.C. is the ministerial act of filing SEC forms, which courts have repeatedly held is insufficient for personal jurisdiction. See Johnson, 2006 WL 2053379, at *2; SEC v. Savoy Industries, Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978).

7. Even under nationwide service of process, the assertion of personal jurisdiction must be reasonable and fair under the Fifth Amendment. See Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369–70 (3d Cir. 2002). There is no fairness in haling a Pennsylvania resident into D.C. court for conduct alleged to have occurred entirely outside D.C.

## III. IMPROPER VENUE

8. Venue in securities enforcement actions is governed by Section 27 of the Exchange Act and Section 22 of the Securities Act, which require that suit be brought "in the district wherein any act or transaction constituting the violation occurred," or where the defendant "is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a); 15 U.S.C. § 77v(a).

9. The complaint alleges all relevant acts—offers, sales, misrepresentations, and investor contacts—occurred in Pennsylvania or via internet/telephone, not in D.C.67 The SEC's own allegations confirm that Mathias is a Pennsylvania resident, and all companies are based in Pennsylvania or Delaware.

10.     The SEC's assertion that venue is proper because "filings" were made with the SEC in D.C. is insufficient. See Johnson, 2006 WL 2053379, at *2 ("[T]he mere act of filing documents with the SEC in the District of Columbia does not constitute an act or transaction constituting the violation for venue purposes.").

11.     The SEC does not allege that Mathias "is found," "is an inhabitant," or "transacts business" in D.C. The complaint is silent as to any D.C.-specific business, operations, or investor contacts.

12.     Where, as here, the complaint fails to allege any act or transaction constituting the violation occurred in D.C., and the defendant does not reside or transact business here, venue is improper and the case must be dismissed or transferred. See 28 U.S.C. § 1406(a); Johnson, 2006 WL 2053379, at *2.

## IV. CONCLUSION

WHEREFORE, Defendant Mathias respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and grant such other relief as the Court deems just and proper.

Dated:     July 31, 2025

Respectfully submitted,

*[signature]*

Shahnawaz Mathias
a/k/a Shah Mathias
PO BOX 163
Red Lion, PA 17356
Telephone: (717) 434-0668
Email: shahmathias@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31 day of July, 2025, a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, to:

Gregory R. Bockin
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103

Shahnawaz Mathias
a/k/a Shah Mathias