## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **CIVIL ACTION NO. 25-cv-02313-EGS** |
| **Plaintiff,** | |
| **v.** | |
| **SHAHNAWAZ MATHIAS,**<br> **a/k/a Shah Mathias, et al.,** | |
| **Defendants.** | |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MATHIAS'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)

On August 4, 2025, Defendant Shahnawaz Mathias ("Defendant") filed a motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and improper venue under Fed. R. Civ. P. 12(b). Doc. No. 8.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff Securities and Exchange Commission respectfully requests that the Court enter an order denying Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b) as the motion lacks merit.

WHEREFORE, Plaintiff Securities and Exchange Commission requests that this Honorable Court enter an order denying Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b).

Dated: August 18, 2025                Respectfully submitted,

                                      */s/Gregory R. Bockin*
                                      Gregory R. Bockin (DC Bar No. 450885)
                                      Judson T. Mihok
                                      Attorneys for Plaintiff

SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Phone: 215-597-6500
Fax: 215-597-2740
Email: BockinG@sec.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 18, 2025, Plaintiff Securities and Exchange Commission filed a copy of the foregoing using this Court's CM/ECF system, thereby causing a copy of the document to be served on all parties of record. On this same date, I also caused a copy of the foregoing to be sent via email, delivery and read receipt confirmation requested, to the following:

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
shahmathias@yahoo.com

And via mail to the following addresses:

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
P.O. Box 163
Red Lion, PA 17356

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
2575 Eastern Boulevard
York, PA 17402

<u>Defendant Ameri Metro, Inc.</u>:
Incorporating Services, Ltd.
3500 S. Dupont Highway
Dover, DE 19901

<u>Defendant HSRF Trust</u>:
Robert Bole
1735 Sheridan Ave., Suite 224
Cody, WY 82414

<u>/s/ Gregory R. Bockin</u>
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **SECURITES AND EXCHANGE COMMISSION,** | **CIVIL ACTION NO. 25-cv-02313-EGS** |
| **Plaintiff,** | |
| **v.** | |
| **SHAHNAWAZ MATHIAS,** a/k/a **Shah Mathias, et al.** | |
| **Defendants.** | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT MATHIAS'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)**

## TABLE OF CONTENTS

I.   **INTRODUCTION** ...................................................................................................1

II.  **FACTS AND PROCEDURAL HISTORY** .................................................................1

    A.  Background Facts...........................................................................................1

        1.   Defendant filed materially misleading documents with the SEC in the District of Columbia ....................................................................3

    B.  Procedural History, Service .........................................................................5

III. **ARGUMENT** ...........................................................................................................6

    A.  The Complaint Sufficiently Alleges Subject Matter Jurisdiction ...........................6

    B.  The Complaint Alleges Sufficient Contacts for Personal Jurisdiction ...................9

    C.  Venue is Proper in the District of Columbia...........................................................13

    D.  The Relief Sought is Limited to Defendant, not Co-Defendant Corporate Entities ....................................................................................................16

IV.  **CONCLUSION** ..........................................................................................................17

i

# TABLE OF AUTHORITIES

## CASES

*Alexian Bros. Med. Ctr. v. Sebelius*,
   63 F. Supp. 3d 105 (D.D.C. 2014) ........................................................16

*Bell v. Hood*,
   327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946) ................................9

*Central Bank of Denver v. First Interstate Bank of Denver, N.A.*,
   511 U.S. 164 (1994) ..............................................................................15

*Comptroller of the Currency v. Calhoun First Nat. Bank*,
   626 F. Supp. 137 (D.D.C. 1985) ...........................................................14

*Crane v. N.Y. Zoological Soc'y*,
   894 F.2d 454 (D.C. Cir. 1990) ...............................................................11

*Darby v. U.S. Dep't of Energy*,
   231 F. Supp. 2d 274 (D.D.C. 2002) .......................................................14

*Donahue v. United States*,
   870 F. Supp. 2d 97 (D.D.C. 2012) ...........................................................7

*Exelon Generation Co., LLC v. Grumbles*,
   380 F. Supp. 3d 1 (D.D.C. 2019) .............................................................8

*In re Application to Enforce Admin. of Subpoenas of SEC v. Knowles*,
   87 F.3d 413 (10th Cir.1996) ...................................................................10

*Investors Funding Corp. v. Jones*,
   161 U.S. App. D.C. 420, 495 F.2d 1000 (1974) (per curiam) ................12

*Lennon v. McClory*,
   3 F. Supp. 2d 1461 (D.D.C. 1998) .........................................................16

*Leroy v. Great Western United Corp.*,
   443 U.S. 173 (1979) ................................................................................8

*Morrison v. National Australia Bank Ltd.*,
   561 U.S. 247 (2010) ..............................................................................8, 9

*Okolie v. Future Servs. Gen. Trading & Contracting Co., W.L.L.*,
   102 F. Supp. 3d 172 (D.D.C. 2015) .......................................................11

*Partridge v. Am. Hosp. Mgmt. Co.*, LLC,

    289 F. Supp. 3d 1 (D.D.C. 2017) ............................................................16

*Pendleton v. Mukasey*,

    552 F. Supp. 2d 14 (D.D.C. 2008 ..........................................................14

*Pinker v. Roche Holdings, Ltd.*,

    292 F.3d 361 (3d Cir. 2002) ..................................................................13

*SEC v. Banner Fund Int'l*,

    211 F.3d 602 (D.C. Cir. 2000) .................................................................7

*SEC v. Carrillo*,

    115 F.3d 1540 (11th Cir.1997) ............................................................... 10

*SEC v. Ernst & Young*,

    775 F. Supp. 411 (D.D.C. 1991) .......................................................14, 16

*SEC v. e-Smart Techs., Inc.*,

    926 F. Supp. 2d 231 (D.D.C. 2013) ...........................................10, 11, 14

*SEC v. Grendys*,

    579 F. Supp. 2d 1 (D.D.C. 2008) ......................................................10, 12

*SEC v. Johnson*,

    650 F.3d 710 (D.C. Cir. 2011) ......................................................8, 12, 15

*SEC v. Johnson*,

    Civ. No. 05-36 (GK), 2007 WL 1541389 (D.D.C. May 24, 2007) .........................................16

*SEC v. Johnson*,

    No. 03-Civ-177 (JFK), 2006 WL 2053379 (S.D.N.Y. July 24, 2006) ................................. 7-8

*SEC v. Johnson*,

    2006 WL 2053379 (D.D.C. July 21, 2006) (as cited in Defendant's Motion to Dismiss)..7, 12, 15

*SEC v. Nielson*,

    No. 1:18-cv-01217 (EGS/GMH), 2020 WL 9439395 (D.D.C. Feb. 13, 2020), report and recommendation adopted, No. 18-cv-1217 (EGS/GMH), 2020 WL 9439363 (D.D.C. July 30, 2020) ...........................................................................7

*SEC v. Roberts*,

    Civ. No. 07-407 (EGS), 2007 WL 2007504 (D.D.C. July 10, 2007) ...............................14, 16

*SEC v. Savoy Indus., Inc.*,
    587 F.2d 1149 (D.C. Cir. 1978), cert. denied, 440 U.S. 913, 99 S. Ct. 1227, 59 L. Ed. 2d 462
    (1979) ...............................................................................................................12, 14, 16

*Travis v. United States*,
    364 U.S. 631, 81 S. Ct. 358, 5 L. Ed. 2d 340 (1961) ...........................................................12

*United States v. Smithfield Foods, Inc.*,
    332 F. Supp. 2d 55 (D.D.C. 2004) ......................................................................................11

*Warfield v. Alaniz*,
    569 F.3d 1015 (9th Cir.2009) ...........................................................................................10


## STATUTES

15 U.S.C. § 77t(b) .............................................................................................................6

15 U.S.C. § 77t(d) .............................................................................................................6

15 U.S.C. § 77v .................................................................................................................12

15 U.S.C. § 77v(a) .......................................................................................................6, 9, 10

15 U.S.C. § 78j(b) ..............................................................................................................8

15 U.S.C. § 78u(d) .............................................................................................................6

15 U.S.C. § 78aa ....................................................................................................6, 9, 12, 14, 15

15 U.S.C. § 78aa(a) .......................................................................................................9, 10

17 C.F.R. § 232 ..................................................................................................................3

17 C.F.R. § 232.11 .............................................................................................................4

17 C.F.R. § 232.12 .............................................................................................................4

17 C.F.R. § 240.0-3(a) ........................................................................................................3

28 U.S.C. § 1291 ................................................................................................................8

28 U.S.C. § 1391(b)(2) .......................................................................................................8


## RULES

Fed. R. Civ. P. 4(k)(2) .......................................................................................................11

Fed. R. Civ. P. 12(b) .......................................................................................................1, 17

Fed. R. Civ. P. 12(b)(2) .....................................................................................................11

**OTHER AUTHORITY**

About EDGAR, https://www.sec.gov/edgar/aboutedgar.htm (last visited Aug. 20, 2025) ............4

About the Division of Corporation Finance, http://www.sec.gov/divisions/corpfin/cfabout.shtml (last visited Aug. 14, 2025) ........................................................................................4

Division of Corporation Finance, http://www.sec.gov/page/corpfin-section-landing (last visited Aug. 14, 2025) ........................................................................................................4

EDGAR Business Office, https://www.sec.gov/ebo (last visited Aug. 14, 2025) ........................4

EDGAR Filer Manual, Vol. II (June 2022), § 2.1.3, https://www.sec.gov/files/edgar/filer-information/specifications/edgarfm-vol2-v62.pdf...........................................................4

Form 8-K dated 7/22/2020 ..........................................................................................2

Form 8-K dated 9/4/2020 ............................................................................................2

Form 8-K dated 11/5/2021 ..........................................................................................3

Glossary: Edgar Filer Manual, https://www.sec.gov/page/edgar-glossary (last visited Aug. 14, 2025 ..............................................................................................................4

H.R. Rep. No. 101-734 at 23 ......................................................................................8

## I.    __INTRODUCTION__

On August 4, 2025, Defendant Shahnawaz Mathias ("Defendant") filed a motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and improper venue under Fed. R. Civ. P. 12(b). Doc. No. 8. For the reasons set forth below, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") respectfully requests that the Court deny the motion.

As alleged in the detailed Complaint, over the course of nearly four years, Defendant made false and misleading material statements (including those misleading by omission) about Ameri Metro's operations, acquisitions, and valuation in its public reports filed with the Commission in Washington, D.C. through unregistered sales of millions of dollars worth of Ameri Metro shares to the investing public through Penndel and HSRF, all entities he owned and controlled. Such conduct falls squarely within the purview of the U.S. Courts and the federal securities laws, providing this Court with subject matter jurisdiction. Moreover, Defendant's personal jurisdiction and venue arguments have no merit given that—as courts have repeatedly held—the making of false statements through a company's periodic reports filed with the SEC provides venue in the United States District Court for the District of Columbia.

## II.    __FACTS AND PROCEDURAL HISTORY__

### A.  Background Facts

The SEC filed its Complaint on July 18, 2025, alleging that Defendant made several false filings with the Commission, and thereafter sold approximately $2.4 million worth of Ameri Metro shares. Doc. No. 1. The Complaint charged Defendant and Ameri Metro, Inc. ("Ameri Metro"), Penndel Land Development Co. ("Penndel"), and HSRF Trust ("HSRF") collectively with a total of seven violations of the federal securities laws, including antifraud provisions.

As alleged in the Complaint, Defendant was the founder, CEO, Chairman, and majority

1

shareholder of Ameri Metro, a Delaware corporation that filed its initial registration statement with the Commission in June of 2013. Doc. No. 1 (Complaint) at ¶¶ 11, 12. Since that time, Mathias caused Ameri Metro to make dozens of filings with the Commission. *Id*. at ¶ 24.

Between July 22, 2020 and April 2024, at least three separate Forms 8-K filed with the Commission, and subsequently filed 10-Ks and 10-Qs incorporating and/or referencing those filings, made materially false statements. *Id*. at ¶¶ 3, 4, 36-59. During that time, shares of Ameri Metro were sold to over 150 investors. *Id*. at ¶ 31. These shares were not registered with the Commission in Washington, D.C. *Id*. at ¶¶ 32, 65-71.

Since there is no evidence that Ameri Metro had any actual assets or actual business activity, the misstatements were breathtaking in scope. The first Form 8-K was filed with the Commission on July 22, 2020, and concerned the development of a large-scale transportation project allegedly valued at $1 billion. *Id*. at ¶¶ 38-45. According to the filing, HSR Logistics (a company owned and controlled by Mathias with no employees and no revenue) acquired an easement consisting of 1,000 acres, and 4 million square feet of warehousing space valued at $260 million from Jewel's Real Estate (another company owned and controlled by Defendant with no employees and no revenue). *Id*. at ¶¶ 17, 38, 18. Jewel's Real Estate did not own the easement it was supposedly selling. *Id*. at ¶ 39. And the other parties allegedly involved in the deal (*e.g.,* Norfolk Southern Corp., CSX Transportation, and Antrim Township), all confirmed that there was no deal. *Id*. at ¶¶ 41-44.

The second Form 8-K was filed on September 4, 2020, and included a $915 billion valuation report, despite the fact that neither Ameri Metro or related entities owned and controlled by Mathias ever had any operations or assets. *Id*. at ¶¶ 46-47. The Valuation Report opened by conceding as much ("The Company has no historical earnings…") but based its

valuation, in part, on the acquisition of Marfin Group, also known as MIG Holdings, S.A. *Id*. at ¶ 48. But as MIG Holdings, S.A., confirmed, Ameri Metro did not acquire their company. *Id*. at ¶¶ 49-50.

The third Form 8-K was filed on November 5, 2021, and involved a non-existent large-scale commercial real estate project valued at $722 million. *Id*. at ¶ 53. In a convoluted series of transactions, Jewel's Real Estate and Ameri Metro Cryptocurrency (another Defendant owned and controlled entity with no assets and no employees) sold an easement related to an extremely large real estate development in San Bernadino, CA, to Ameri Metro for $541,369,000. *Id*. at ¶¶ 19, 53, 54. Jewel's Real Estate and Ameri Metro Cryptocurrency did not own a single parcel of property they were purportedly selling. *Id*. at ¶ 57. Perhaps even more befuddling is that a second transaction that immediately followed somehow added $181,369,000 to the value of those same non-existent assets as the valuation was now $722,738,000. *Id*. at ¶¶ 54-57. And yet again, the second transaction was to another entity created and controlled by Defendant that had no employees or revenue. *Id*. at ¶ 20.

1.    *Defendant filed materially misleading documents with the SEC in the District of Columbia*

Rule 0-3 under the Securities Exchange Act of 1934 ("Exchange Act") mandates that "[a]ll papers required to be filed with the Commission pursuant to the [Exchange] Act or the rules and regulations thereunder *shall be filed at the principal office in Washington, DC*." 17 C.F.R. § 240.0-3(a) (emphasis added).

Regulation S-T, *see* 17 C.F.R. § 232, addresses electronic SEC filings, including the means by which such filings are transmitted to the SEC's principal office in Washington, D.C. The Electronic Data Gathering, Analysis, and Retrieval ("EDGAR") system is the SEC's computer system "for the receipt, acceptance, review and dissemination of documents submitted

in electronic format." 17 C.F.R. § 232.11. EDGAR is the "primary system for companies and others submitting documents under the Securities Act of 1933 [and] the Securities Exchange Act of 1934...." *See* About EDGAR, https://www.sec.gov/edgar/aboutedgar.htm (last visited Aug. 20, 2025). And electronic filings submitted through EDGAR "are transmitted or delivered to the Commission…" (Glossary: Edgar Filer Manual, https://www.sec.gov/page/edgar-glossary (last visited Aug. 14, 2025) (defining Electronic Filing)), at its "principal office" in Washington, D.C., 17 C.F.R. § 232.12.

When corporate filings are transmitted to the Commission through EDGAR, those filings are processed by the Commission and then made available to investors. *See* EDGAR Filer Manual, Vol. II (June 2022), § 2.1.3, https://www.sec.gov/files/edgar/filer-information/specifications/edgarfm-vol2-v62.pdf. The SEC's EDGAR Business Office, which administers the EDGAR system, is located in the SEC's headquarters in the District of Columbia. *See* EDGAR Business Office, https://www.sec.gov/ebo (last visited Aug. 14, 2025).

In addition, filings are selectively reviewed by the SEC's Division of Corporation Finance. *See* About the Division of Corporation Finance, http://www.sec.gov/divisions/corpfin/cfabout.shtml (last visited Aug. 14, 2025). That Division reviews filings, including Forms 8-K, 10-Q, and 10-K, to "ensure that investors are provided with information needed to make informed investment and voting decisions, …." *See* Division of Corporation Finance, http://www.sec.gov/page/corpfin-section-landing (last visited Aug. 14, 2025). The Division of Corporation Finance is based in the SEC's headquarters in the District of Columbia. Attachment A, Declaration of Judson T. Mihok ("Mihok Decl.") ¶ 2.

Therefore, all of the public reports filed with the Commission by Defendant that contained material misstatements (including those misleading by omission) about Ameri Metro's operations, acquisitions, and valuation were filed in Washington, D.C.

    B.  <u>Procedural History, Service</u>

After the Complaint was filed, summonses and related paperwork, per the Court's Standing Order, were issued. Doc. Nos. 2-4. The SEC is working with a company that provides service of process services to locate and serve Defendant with a Summons and related paperwork, but those efforts have not yet been successful. Mihok Decl. ¶ 8.

On July 25, 2025, Defendant left a voicemail for Mr. Mihok wherein he discussed some of the allegations in the Complaint that the SEC had filed. *Id*. ¶ 6. In that message, Defendant stated that he was currently outside of the country. *Id*. Defendant did not indicate where he was calling from. *Id*.

The number Defendant called from was provided to the company attempting to serve Defendant and the entities on behalf of the SEC, and one of the process servers who works there was able to reach Defendant on the phone on or about July 28, 2025. *Id*. ¶ 8. During the call, Defendant confirmed he was out of the country, but did not specify where. Defendant stated that he was planning on returning to the U.S., but that he had some medical issues that delayed his return. *Id*. Defendant indicated that he would call the process server back, or invited the process server to call him, on or before August 15th. *Id*.

Defendant called the same process server on August 14, 2025, and stated that he remained outside the United States and was unable to travel due to a medical condition. *Id*. ¶ 11.

Records checked confirmed that Defendant departed the United States on June 29, 2025. *Id*. ¶ 9. There is an indication in the records that Defendant booked a flight in July for travel

inbound to the United States on July 11, 2025. *Id*. But the database indicated that Defendant did not get on that flight. *Id*.

On August 7, 2025, the SEC emailed Defendant a copy of the Complaint, Summonses, Notice and Consent Form, the Court's Standing Order, and Statement of Material Facts Form, to the email specified in his Motion to Dismiss, and inquired whether Defendant would accept service on behalf of himself and Defendant Penndel, and if Defendant was amenable to waiving service of same, and attached a Notice of a Lawsuit and Request to Waive Service of Summons. *Id*. ¶ 10. To date, Defendant has not responded to that email. *Id*. ¶ 12.

## III.    ARGUMENT

As set forth below, Defendant's motion should be denied. Defendant's arguments are based on miscited and misconstrued case law and flawed assertions that the underlying matter lacks "jurisdiction" because he claims that aside from the filing of documents with the Commission, the conduct alleged in the Complaint did not occur in the District of Columbia. But he fundamentally misunderstands the law of subject matter jurisdiction, personal jurisdiction, and venue.

Defendant is alleged to have violated the federal securities laws by offering for sale, and selling, unregistered securities based on materially false information contained in reports he caused to be filed with the Commission in Washington, D.C. Thus, this Court clearly has jurisdiction over Defendant and this matter, and this district is an appropriate venue. *See* 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a); 15 U.S.C. §§ 78u(d) and 78aa. The motion should be denied.

### A.    The Complaint Sufficiently Alleges Subject Matter Jurisdiction.

Defendant claims that this Court lacks subject matter jurisdiction over the Complaint. He

is wrong. This is a case brought by the SEC based on violations of the federal securities laws. Subject matter jurisdiction is clear.

In determining whether to grant such a motion, "the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true." *Donahue v. United States*, 870 F. Supp. 2d 97, 102 (D.D.C. 2012).

As the Court of Appeals for the District of Columbia Circuit has held, "when a resident of the United States is allegedly defrauded in the United States in connection with the sale of securities, the courts of the United States have jurisdiction" over claims brought under the Securities Act of 1933 ("Securities Act") and the Exchange Act. *SEC v. Banner Fund Int'l*, 211 F.3d 602, 609 (D.C. Cir. 2000); *See SEC v. Nielson*, No. 1:18-cv-01217 (EGS/GMH), 2020 WL 9439395, at *10 (D.D.C. Feb. 13, 2020), report and recommendation adopted, No. 18-cv-1217 (EGS/GMH), 2020 WL 9439363 (D.D.C. July 30, 2020).

Here, the Complaint's seven claims for relief are premised on violations of both the Securities Act and the Exchange Act. Complaint at pp. 19-25, ¶¶ 90-115. There is no dispute regarding application of the federal securities laws to the facts as alleged in the Complaint. The Complaint alleges clear violations of federal law, conduct that was carried out entirely in the United States. The Complaint alleges millions of dollars of losses by U.S. investors. Complaint at ¶¶ 1, 67. This is more than sufficient to establish not only subject matter jurisdiction, but also that the U.S. securities laws apply to Defendant's conduct.

Defendant's argument appears to conflate the concepts of subject matter jurisdiction and venue. First, Defendant heavily relies on a case he claims support his argument that he cited as "SEC v. Johnson, 2006 WL 2053379, *at 2 (D.D.C. July 21, 2006)" (Doc. No. 8 at p. 2, ¶ 3)— but no such case exists. There is a case at that Westlaw cite, *SEC v. Johnson*, No. 03-Civ-177

7

(JFK), 2006 WL 2053379 (S.D.N.Y. July 24, 2006). But that case was brought in the Southern District of New York, not D.C. And it had nothing at all to do with subject matter jurisdiction. Further, the opinion did not analyze, let alone even mention, venue.

Defendant likely meant to cite to *SEC v. Johnson*, 650 F.3d 710 (D.C. Cir. 2011). But even if that was the intended case, it offers no relief here. That case did not address subject matter jurisdiction at all—it focused exclusively on venue, so it does not help Defendant's argument that subject matter jurisdiction is somehow lacking in this case.

Next, Defendant cited *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979). Again, that case has nothing to do with subject matter jurisdiction. *Leroy* did consider a challenge to venue, but the holding relied on a prior version of the venue statute (28 U.S.C. § 1291) which was amended in 1990 to expand venue. *See Exelon Generation Co., LLC v. Grumbles*, 380 F. Supp. 3d 1, 13 (D.D.C. 2019) (distinguishing *Leroy*, and noting, "As amended, the venue statute now allows a civil action to be brought in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.' 28 U.S.C. § 1391(b)(2). This revision sought to 'avoid[ ] the problem created by the frequent cases in which substantial parts of the underlying events have occurred in several districts.' H.R. Rep. No. 101-734 at 23.").

Defendant next offers *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), which actually did analyze subject matter jurisdiction, but not in a way that is at all helpful to Defendant's position. *Morrison* focused on the extraterritorial application of claims brought under Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b), but held that the Second Circuit had erroneously affirmed the district court's dismissal on subject matter jurisdiction grounds.

The Court noted:

> But to ask what conduct § 10(b) reaches is to ask what conduct § 10(b) prohibits, which is a merits question. Subject-matter jurisdiction, by contrast, "refers to a tribunal's '"power to hear a case."'" [internal citations omitted].... It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946). The District Court here had jurisdiction under 15 U.S.C. § 78aa to adjudicate the question whether § 10(b) applies to National's conduct.

*Morrison*, 561 U.S. at 254.

The Complaint alleges that Defendant's conduct violated seven separate provisions of the securities laws brought under two federal statutes, so the district courts of the United States have jurisdiction. Defendant's claim regarding subject matter jurisdiction is without merit.

B. The Complaint Alleges Sufficient Contacts for Personal Jurisdiction.

Defendant reads a requirement into personal jurisdiction that does not exist in this context and is far too limited. Defendant is charged with violations of the Securities Act and the Exchange Act, so minimum contacts suffice for personal jurisdiction.

As 15 U.S.C. § 78aa(a)[1] provides:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. . . . Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and

---

[1] 15 U.S.C. § 77v(a) also applies and contains similar language:
The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Numerous circuits have "uniformly held that '[w]hen the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts *with the United States*.'" *SEC v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir.1997) (quoting *In re Application to Enforce Admin. of Subpoenas of SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir.1996)) (emphasis added); see also *Warfield v. Alaniz*, 569 F.3d 1015, 1029 (9th Cir.2009) (as long as defendant has minimum contacts with United States, any federal court has personal jurisdiction over him under Exchange Act); *SEC v. e-Smart Techs., Inc.*, 926 F. Supp. 2d 231, 236 (D.D.C. 2013) (finding personal jurisdiction in D.C. based on sufficient minimum contacts with the U.S. premised on the fact that the defendant in that case resided in the U.S. (specifically in California)); *SEC v. Grendys*, 579 F. Supp. 2d 1, 5 (D.D.C. 2008) (finding personal jurisdiction, and venue, based on "an act by a participant engaged in a common scheme, which would include the . . . allegedly falsify[ing] information that was reported to the SEC through . . . public filings, serves to properly place venue in the District of Columbia as to all participants who were engaged in that scheme.").

Here, both 15 U.S.C § 78aa(a) and 15 U.S.C. § 77v(a) apply, and the claims alleged in the Complaint establish such minimum contacts as all directly relate to the false statements made in filings with the Commission in this District, and at a time when Defendant was a resident of the United States, more specifically, Pennsylvania. Those false statements in the filings, and the subsequent sale of unregistered securities, form the gravamen of the claims alleged in the Complaint. It is derived from, and specifically connected to, the false filings in this District.

10

Personal jurisdiction over defendant is also clear, and Defendant's arguments to the contrary are simply incorrect. This Court has personal jurisdiction over Defendant. Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for personal jurisdiction. *Okolie v. Future Servs. Gen. Trading & Contracting Co., W.L.L.*, 102 F. Supp. 3d 172, 175 (D.D.C. 2015) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)). As noted in *SEC v. e-Smart Techs., Inc.*, 926 F. Supp. 2d 231, 235 (D.D.C. 2013), "In determining whether a basis for personal jurisdiction exists, 'factual discrepancies appearing in the record must be resolved in favor of the plaintiff.' *Crane*, 894 F.2d at 456 (citation omitted).… [and] the Court 'is free to consider relevant materials outside the pleadings' in deciding whether to grant a motion to dismiss for lack of jurisdiction." Citing *United States v. Smithfield Foods, Inc.*, 332 F. Supp. 2d 55, 59–60 (D.D.C. 2004).

Further, the SEC contemplates being able to establish personal jurisdiction over this action under Fed. R. Civ. P. 4(k)(2), which provides: "For a claim that arises under federal law, serving a summons … establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."

We acknowledge, as indicated *supra*, that we have not been able to serve Defendant with a copy of the summons to date as he is out of the country and at an undisclosed location and has not agreed to waive service. Yet, he has filed this motion to dismiss the Complaint and we are filing a timely response. Our efforts to locate and serve him continue. As soon as we are able to serve Defendant (and Penndel), we will file a return of service or seek the Court's approval to serve him by alternative means, if necessary.

11

Regardless of the state of personal service, Defendant is not subject to personal jurisdiction in any particular state and, by statute, United States District Courts have exclusive jurisdiction of the violations brought in the Complaint. 15 U.S.C. § 78aa, 15 U.S.C. § 77v. And, as stated *supra*, this Court exercising jurisdiction in this case is consistent with the U.S. Constitution and laws.

Defendant alleges, again, that the "ministerial act of filing SEC forms" is insufficient for personal jurisdiction, and again, he miscited *Johnson*, 2006 WL 2053379[2] for support. That case, however, has nothing to do with personal jurisdiction and thus does not support his argument.

Next, Defendant cited to *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913, 99 S. Ct. 1227, 59 L. Ed. 2d 462 (1979), another case having nothing to do with personal jurisdiction. Doc. No. 8 at p. 2, ¶ 6. The defendant in *Savoy* conceded that venue was proper in the District of Columbia based on the fact that filings had been made with the Commission in D.C., precisely the basis for venue in this case:

> The act of filing has a locus in the District of Columbia, [citing *Investors Funding Corp. v. Jones*, 161 U.S. App. D.C. 420, 423, 495 F.2d 1000, 1003 (1974) (per curiam)], as does the failure to file, *Travis v. United States*, 364 U.S. 631, 636, 81 S. Ct. 358, 5 L. Ed. 2d 340 (1961). Thus, "venue for civil enforcement actions of the Commission, involving reports required to be filed in the District of Columbia, is here."

*Savoy*, 587 F.2d at 1154, n. 12.

Defendant references the Fifth Amendment (Doc. No. 8 at p. 2, ¶ 7), and concerns regarding due process and fairness; however, Constitutional due process under 15 U.S.C. § 78aa (and 15 U.S.C. § 77v) "requires only that the defendant has minimum contacts *with the United States*." *Grendys*, 579 F. Supp. 2d at 5, n. 5. During the relevant time, Defendant was a resident

---

[2] Again, assuming Defendant meant *SEC v. Johnson*, 650 F.3d 710 (D.C. Cir. 2011), that case did not address personal jurisdiction.

of Pennsylvania. And the unregistered securities were offered and sold to other residents of the United States. Clearly Defendant has such contacts here.

Defendant cited to *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) in the context of whether it was "reasonable and fair under the Fifth Amendment" to haul "a Pennsylvania resident into D.C. court" (Doc. No. 8 at p. 2, ¶ 7). However, the holding in that case is consistent with the SEC's approach here. In that case, Roche, a Swiss corporation with a principal place of business in Switzerland, marketed American Depository Receipts (ADRs) to the American investing public. *Id*. Ultimately, the Third Circuit reversed the U.S. District Court for the District of New Jersey's dismissal of the complaint on personal jurisdiction grounds, finding that it was neither "unfair or inconsistent with 'traditional notions of fair play and substantial justice' to subject Roche to personal jurisdiction in a United States court…." *Id*. at 373.

Furthermore, Defendant's assertion that the Complaint contains "no factual allegations that Mathias or any entity transacted business in D.C." is patently false—the very filings with the Commission occurred in this District. And even accepting Defendant's remaining allegations as true, *i.e.*, no offices, employees, or operations in D.C., or directed any conduct toward D.C. residents" (Doc. No. 8 at p. 2, ¶ 5), these facts are irrelevant. Taken collectively, they do not undermine this Court's personal jurisdiction in any way.

For all these reasons, by intentionally filing allegedly false documents with the SEC in this District, Defendant's contacts with the District of Columbia are well within the minimum required by the Constitution and laws of the United States.

C.  Venue is Proper in the District of Columbia.

Most of Defendant's arguments are really a challenge to venue. But those too fail. As

noted below, the law is clear that making filings with federal agencies in the District of Columbia establish venue.

When considering a motion to dismiss for improper venue, the Court "'accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" *e-Smart Techs*, 926 F. Supp. 2d at 235, citing *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).

As the Court of Appeals for the District of Columbia specifically first held in *Savoy*, venue lies in the District of Columbia when the matter concerns filings with the Commission. *Savoy*, 587 F.2d at 1154, n. 12; *SEC v. Roberts*, Civ. No. 07-407 (EGS), 2007 WL 2007504, at *2 (D.D.C. July 10, 2007) (rejecting defendant's argument that venue was not proper in the District of Columbia based on false SEC filings and noting that the "D.C. Circuit has held that the act of filing SEC documents has a locus in the District of Columbia, ….").

Later, the Court further explained this in *SEC v. Ernst & Young*, 775 F. Supp. 411, 413 (D.D.C. 1991), citing *Savoy*, and holding:

> [T]he place where a document is to be filed may be regarded as the place where any asserted non-filing or misfiling occurred" within the meaning of § 78aa … [citing *Savoy*] … Thus, the filing of "proxy materials" and "annual reports" in the District of Columbia leads to the conclusion that "venue is properly laid in the District of Columbia." *Comptroller of the Currency v. Calhoun First Nat. Bank*, 626 F. Supp. 137, 139 n. 8 (D.D.C. 1985).

None of Defendant's arguments can overcome this controlling precedent.

Defendant regurgitated the same arguments for subject matter jurisdiction and personal jurisdiction for venue—that the alleged conduct did not occur in the District of Columbia. Doc.

14

No. 8 at p. 2, ¶ 9. For the sake of consistency, Defendant again miscited to *Johnson*, 2006 WL 2053379. Doc. 8 at p. 3, ¶¶10, 12.

Assuming Defendant intended to cite *SEC v. Johnson*, 650 F.3d 710 (D.C. Cir. 2011), the case is readily distinguished. In *Johnson*, Benyo, a Senior Vice President for PurchasePro, was alleged to have aided and abetted the company's fraud, as well as the company's failure to maintain internal accounting controls, falsified books and records, and also misled an accountant or auditor. *Id*. at 712-13. The allegations centered on Benyo's involvement in drafting documents to paper a phony deal, then linked to a website, to inflate the company's reported revenue. *Id*.

At trial, no evidence was introduced that linked Benyo's specific acts to the District of Columbia—Benyo was in Nevada at the relevant time. *Id*. at 713, 715. And while a Form 10-Q was filed with the Commission, only PurchasePro was charged with a violation linked to the filing of that Form 10-Q—the paperwork and revenue item Benyo allegedly falsified was not included in that Form 10-Q. *Id*. at 715.

Ultimately, the Court rejected the SEC's co-conspirator theory of venue, holding that *Central Bank of Denver v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), and a statute enacted in the wake of that case, effectively foreclosed co-conspirator theory of venue. *Id*. at 714-15. Since the SEC could not rely on co-conspirator theory of venue to attribute PurchasePro's Form 10-Q filing to Benyo, proof of any act or transaction directly involving Benyo was required under 15 U.S.C. § 78aa. Ultimately, the Court found that proof was lacking, and the case was dismissed without prejudice. *Id*. at 715-16.

Those are not the facts of our case. Defendant in this case is charged with the filing of the materially false documents, and failing to register securities offered and sold, with the Commission. The false statements were made in the documents filed with the Commission in the

15

District of Columbia, or failing to register securities in the District of Columbia, and that suffices for venue in this District. Complaint at ¶¶ 64-82. This case is about Defendant's own actions in this district.

Contrary to Defendant's assertion otherwise, the act of filing in the District of Columbia constitutes the basis of the wrongdoing alleged in the Complaint and is sufficient to establish venue. *See Savoy*, 587 F.2d at 1154, n. 12; *Roberts*, 2007 WL 2007504, at *2; *Ernst & Young*, 775 F. Supp. at 413; *SEC v. Johnson*, Civ. No. 05-36 (GK), 2007 WL 1541389, at *3 (D.D.C. May 24, 2007) (finding that the defendant's filing of periodic reports with SEC in Washington, D.C., provided venue).

The motion to dismiss based on improper venue lacks merit and should be denied.

D.  <u>The Relief Sought is Limited to Defendant, not Co-Defendant Corporate Entities</u>.

Defendant appears to have filed the motion seeking dismissal as to himself, and the co-defendant corporate entities Ameri Metro, Penndel, and HSRF. However, the relief sought is limited to Defendant in his individual capacity.

Corporate entities cannot represent themselves and cannot appear pro se. *Alexian Bros. Med. Ctr. v. Sebelius*, 63 F. Supp. 3d 105, 108 (D.D.C. 2014) (quoting *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998)); *Partridge v. Am. Hosp. Mgmt. Co.*, LLC, 289 F. Supp. 3d 1, 25 (D.D.C. 2017). To date, no attorney has entered a notice of appearance on behalf of Ameri Metro, Penndel, and/or HSRF.

Therefore, the relief sought in this motion is limited to Defendant Mathias, and to the extent it could be construed as a motion by the corporate parties, those portions of the motion should be denied on that additional ground as improper.

16

## IV.    <u>**CONCLUSION**</u>

For the above reasons, the Commission respectfully requests that the Court enter an order denying Defendant's motion to dismiss under Rule 12(b).

Dated: August 18, 2025                    Respectfully submitted,


<u>*/s/Gregory R. Bockin*</u>
Gregory R. Bockin (DC Bar No. 450885)
Judson T. Mihok
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Phone: 215-597-6500
Fax: 215-597-2740
Email: <u>BockinG@sec.gov</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2025, Plaintiff Securities and Exchange Commission filed a copy of the foregoing using this Court's CM/ECF system, thereby causing a copy of the document to be served on all parties of record. On this same date, I also caused a copy of the foregoing to be sent via email, delivery and read receipt confirmation requested, to the following:

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
shahmathias@yahoo.com

And via mail to the following addresses:

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
P.O. Box 163
Red Lion, PA 17356

<u>Defendants Shahnawaz Mathias, Penndel Land Development Co.</u>:
2575 Eastern Boulevard
York, PA 17402

<u>Defendant Ameri Metro, Inc.</u>:
Incorporating Services, Ltd.
3500 S. Dupont Highway
Dover, DE 19901

<u>Defendant HSRF Trust</u>:
Robert Bole
1735 Sheridan Ave., Suite 224
Cody, WY 82414

<u>/s/ Gregory R. Bockin</u>
Attorney for Plaintiff

18