**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>SHAHNAWAZ MATHIAS, et al.,<br><br>                    Defendants. | Civil Action No. 25-cv-02313 (EGS) |

<u>**PLAINTIFF'S RULE 26(f) REPORT**</u>

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") submits this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d). A proposed Scheduling Order accompanies this report as Exhibit A.

On March 4, 2026, the day after the Court issued its Memorandum Opinion and Order dated March 3, 2026, the SEC sent a letter, along with a copy of the Court's Memorandum Opinion and Order, via email and mail to Defendants in order to schedule the parties' Rule 26(f) conference. A copy of that correspondence is attached hereto as Exhibit B. We received confirmations that the email was delivered and opened, and that the packages were delivered to the listed addresses.[1] Having received no response, the SEC sent a second letter via email and mail on March 11, 2026, requesting that Defendants contact SEC counsel as soon as possible to schedule the Rule 26(f)

---

[1] The package addressed to Ameri Metro, Inc., c/o its registered agent at 3500 S. Dupont Highway, Dover DE 19901-6041, was not successfully delivered. The SEC learned that Ameri Metro, Inc., had recently resigned that registered agent, and a different registered agent for Ameri Metro was listed on the website of the Delaware Secretary of State.

conference. A copy of that correspondence is attached hereto as Exhibit C. We received confirmations that the email and packages were delivered to listed addresses.[2] As of this filing, however, we have received no response from Defendants.  Given Defendants' refusal to engage, we have been unable to hold a Rule 26(f) conference with Defendants, and cannot submit a joint Rule 26(f) report on behalf of the parties. Nevertheless, the SEC hereby files its portion of the Rule 26(f) report in accordance with the Court's Order.

A.       PLAINTIFF'S STATEMENT OF THE CASE/STATUTORY BASIS

From at least July 2020 until at least April 2024 (the "Relevant Time"), Mathias, and others acting at his direction, offered for sale and sold approximately $2.4 million worth of Ameri Metro shares through Penndel and HSRF by making false and misleading material statements (including those misleading by omission) about Ameri Metro's operations, acquisitions, and valuation in its public reports filed with the Commission. The offers and sales of these securities were not covered by a registration statement or applicable exemption from registration.

Since its inception, Ameri Metro, under Mathias's control, filed dozens of current reports on Form 8-K and several annual reports on Form 10-K with the Commission describing transactions with other Mathias-owned and controlled companies that purportedly were working on large-scale projects. Although many of these filings involved seemingly baseless speculation about future activities, at least three of these 8-Ks, and two of the Forms 10-K, included material misrepresentations.

Three separate Forms 8-K filed by Mathias and Ameri Metro contained false and misleading statements that Ameri Metro and/or its subsidiaries had acquired: (1) "an easement consisting of 1,000 acres for development of an inland port" in Pennsylvania valued at $260

---

[2] Exhibit C was sent to the new registered agent for Ameri Metro, Inc., and delivery was confirmed.

million; (2) "easements and other rights that relate to certain real property consisting of 4,443 single-family building lots, two golf courses, 30 acres of commercial mixed-use land, 20 acres for development of public schools, 20 acres for construction of civic buildings, and land for construction of sewer treatment facilities" located in San Bernadino, California, with a purchase price of $541,369,000; and (3) a company that had "historically generated approximately $85.0 million in profits from its $1.0B in annual revenues . . . ."

Mathias also signed two misleading Forms 10-K on behalf of Ameri Metro for fiscal years ending July 31, 2022 and 2023, and filed in April of 2024, which, among other things, contained the false and misleading statement that Ameri Metro "has solidified funding of approximately $950,000,000,000 from large financial institutions."

In reality, neither Ameri Metro nor its subsidiaries had acquired the easements, rights, or the profitable company, nor had they secured $950,000,000,000 in funding. As the control person of the entities on both sides of these transactions, Mathias knew or was reckless in not knowing that the statements in the above filings were materially false and misleading.

By engaging in the conduct described herein, Defendants violated, and unless enjoined, will continue to violate Sections 5(a) and (c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c); 15 U.S.C. § 77q(a)], and Sections 10(b), 13(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b), 15 U.S.C. § 78m(a), and 15 U.S.C. § 78t(a)] and Rules 10b-5, 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. § 240.10b-5, and 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-11].

    B.    <u>RULE 16.3 TOPICS</u>

        1.  <u>Dispositive Motions</u>: Defendant Mathias filed a motion to dismiss, which was denied by this Court. The SEC intends to file a motion for summary judgment

3

after the close of discovery, which the SEC anticipates may resolve some or all of its claims.

2. <u>Joinder of Parties/Amending Pleadings</u>: The SEC's proposed deadline for filing motions to join additional parties or amend the pleadings is April 14, 2026. It may be possible to narrow the factual issues by stipulation after: (1) Defendant Mathias answers the Complaint; and (2) the close of discovery.

3. <u>Assignment to a Magistrate Judge</u>: Given that the parties have been unable to confer, the parties are unable to consent to the assignment of this case to a magistrate judge.

4. <u>Possibility of Settlement</u>: The SEC is open to settlement discussions, although the SEC does not believe that such discussions would be productive at this point in time.

5. <u>Alternative Dispute Resolution</u>: This case might be appropriate for mediation at a future date, most likely after the close of discovery or resolution of the SEC's anticipated summary judgment motion.

6. <u>Additional Dispositive Motions</u>: The Scheduling Order proposed provides that motions for summary judgment shall be filed by April 22, 2027, oppositions shall be filed by May 20, 2027, and replies shall be filed by June 10, 2027. The proposed decision date is January 13, 2028.

7. <u>Initial Disclosures</u>: The SEC does not propose any changes to the requirements of Rule 26(a)(1) regarding the scope or form of Initial Disclosures. As reflected in the proposed Scheduling Order, the SEC proposes that Initial Disclosures pursuant Rule 26(a)(1) are to be made by March 31, 2026.

8.  <u>Discovery Plan</u>:

    i.    <u>Anticipated extent of discovery/Length of discovery</u>: The SEC proposed eight months of fact discovery and an additional two months of expert discovery.

    ii.    <u>Protective order</u>: The SEC does not currently anticipate the need for a protective order regarding any privilege, protection, or confidentiality in this case; however, if privileged documents are inadvertently produced pursuant to Federal Rule of Evidence 502, that does not result in a waiver of privilege.

    iii.    <u>Date for completion</u>: The SEC anticipates that all discovery should conclude by December 17, 2026. All depositions shall be conducted by December 10, 2026. The SEC further proposes that the number of depositions that may be taken by the SEC or by Defendants without leave of Court or stipulation of the parties be increased from five to ten for each side.

9.  <u>Preservation of Discoverable Information/ESI</u>: All documents and information that is or may be discoverable in this case should be preserved. The SEC will produce E-Discovery which is done in accord with industry standard load files including a data file, image cross reference file, images, native files, and OCR text.

10. <u>Privilege Issues</u>: The SEC does not anticipate that the parties will require a separate order regarding any privilege or protection, but has been unable to confer with Defendants.

11. Expert Reports: The SEC anticipates that expert testimony may be required, and has proposed expert discovery dates in the SEC's proposed case schedule. The SEC does not propose that the requirements of Federal Rule of Civil Procedure 26(a)(2) be modified.

12. Class Actions: Not applicable.

13. Bifurcation of Trial: The SEC does not propose bifurcation of trial, although in SEC cases liability is first determined through either summary judgment or jury verdict, after which it is the Court's responsibility to decide the appropriate remedies in the event Defendants are liable.

14. Pretrial Conference: The SEC proposes a pretrial conference date of March 23, 2028.

15. Trial Date: The SEC proposes that trial be scheduled for May 8, 2028, or the earliest available date thereafter.

16. Other Matters: None.

Dated:  March 17, 2026

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

 /s/ *Gregory R. Bockin*
Gregory R. Bockin (DC Bar No. 450885)
Judson T. Mihok
Philadelphia Regional Office
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
(215) 597-3100
(215) 597-2740 (fax)
bocking@sec.gov
mihokj@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I electronically filed the foregoing Plaintiff's Rule 26(f) Report (and attachments) using this Court's CM/ECF system, and I hereby certify that I served Plaintiff's Rule 26(f) Report (and attachments) to the following non-CM/ECF participants in the manner(s) indicated below:

Shahnawaz Mathias
a/k/a Shah Mathias
2575 Eastern Boulevard
York, PA 17402
*Via UPS & Email: shahmathias@yahoo.com*

Shahnawaz Mathias
a/k/a Shah Mathias
3255 Cape Horn Road, Apt. 163
Red Lion, PA 17356
*Via UPS*

Shahnawaz Mathias
a/k/a Shah Mathias
PO Box 163
Red Lion, PA 17356
*Via USPS*

Ameri Metro, Inc.
2575 Eastern Boulevard
York, PA 17402
*Via UPS*

Ameri Metro, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*Via UPS*

Penndel Land Development Co.
2575 Eastern Boulevard
York, PA 17402
*Via UPS*

HSRF Trust
c/o Registered Agent Robert Bole
1735 Sheridan Ave., Suite 224
Cody, WY 82414
*Via UPS*

HSRF Trust
2575 Eastern Boulevard
York, PA 17402
*Via UPS*

SECURITIES AND EXCHANGE COMMISSION

/s/ *Gregory R. Bockin*
Gregory R. Bockin
Judson T. Mihok
Philadelphia Regional Office
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
(215) 597-3100
(215) 597-2740 (fax)
bocking@sec.gov
mihokj@sec.gov

*Counsel for Plaintiff*
*Securities and Exchange Commission*