**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

        v.

SHAHNAWAZ MATHIAS, *et al.*,

                Defendants.

Civil Action No. 25-cv-2313 (EGS)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**OPPOSITION TO DEFENDANT MATHIAS'S MOTION FOR**
**RELIEF FROM ORDER AND TO DISMISS FOR INSUFFICIENT**
**SERVICE OF PROCESS, OR IN THE ALTERNATIVE, TO QUASH SERVICE**

Attached hereto as Exhibit A are Defendant Mathias's papers which were received by the

SEC on March 20, 2026.  Although stylized as a motion for relief from the Court's March 3,

2026, Memorandum and Order (ECF No. 14), in reality Defendant Shahnawaz Mathias[1]

impermissibly seeks to file a second 12(b) motion to dismiss on the grounds that service of

process was insufficient under Federal Rule of Civil Procedure ("Rule") 12(b)(5) after he already

filed—and the Court denied—his motion to dismiss the case for lack of subject matter

jurisdiction, lack of personal jurisdiction, and for improper venue under Rules 12(b)(1)-(3).[2]

This Court should deny Mathias's improper successive and duplicative motion because:

---

[1]    As the Court noted, "Mr. Mathias may appear *pro se* on his own behalf, but may not appear on behalf of the corporations named in the Complaint."  March 3, 2016, Mem. Op. and Order (ECF No. 14) at 2 n.2.

[2]    Although Mathias invokes Rule 60(b)(4), it is simply an attempt to obfuscate the fact that this is his second motion to dismiss under Rule 12(b).

1

(1) service of process was sufficient and valid; and (2) Mathias waived any argument as to the sufficiency of service of process by failing to amend his 12(b) motion to include his argument that service of process was insufficient under Rule 12(b)(5) once it became available. Furthermore, neither Mathias's inappropriate attempt to delay this case by filing a second motion to dismiss, nor his refusal to comply with his 26(f) and other obligations, justifies his request to stay the deadlines in this case.

**PROCEDURAL BACKGROUND**

On July 18, 2025, the Securities and Exchange Commission (the "SEC") filed its Complaint against Defendants Mathias, Ameri Metro, Inc. ("Ameri Metro"), Penndel Land Development Co. ("Penndel"), and HSRF Trust ("HSRF"). On July 31, 2025, Mathias served and filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, and Improper Venue under Rules 12(b)(1)-(3). ECF No. 8. The SEC opposed Mathias's motion to dismiss under Rule 12(b) on August 18, 2025, arguing that this Court had subject matter and personal jurisdiction and that venue was proper. ECF No. 9.

Just a few days later, on August 21, 2025, the SEC requested that the Summons be reissued to Mathias at 2575 Eastern Boulevard, York, PA 17402, which is the business address associated with Ameri Metro, Penndel, and HSRF. ECF No. 10; Mathias Decl. (Ex. A ¶ 2). On August 26, 2025, the SEC served Mathias with the reissued Summons and the Complaint by "le[aving] the summons at the office or usual place of business of Shahnawaz Mathias with Tracie Synder, property manager, at 2575 Eastern Blvd., East York, PA 17402." ECF No. 12; *see also* Eelman Return of Service, a copy of which is attached hereto as Exhibit B. On August 29, 2025, the SEC filed proof of service on Mathias with the Court, ECF No. 12, and also mailed and emailed copies of it to Mathias and the other defendants. *See* Bockin Decl. ¶¶ 2-3, attached

2

hereto as Exhibit C. The email sent to Mathias's email address was opened on August 29, 2025, at 6:06:31 PM ET. Ex. C ¶ 4.

Accordingly, by around August 29, 2025, at the latest, Mathias knew or should have known that the SEC served process on him by leaving a copy of the Summons and Complaint with the property manager at his place of business. *Id*. At no point after Mathias was served did he amend his then-pending Rule 12(b) motion to dismiss to argue that service of process was insufficient under Rule 12(b)(5).

Over six months later, on March 3, 2026, the Court denied Mathias's motion to dismiss in its entirety, and ordered the parties to hold a Rule 26(f) conference and to file a joint 26(f) report and proposed Scheduling Order by March 17, 2026. ECF No. 14. Despite having plenty of time to amend his pending Rule 12(b) motion prior to the Court issuing its Memorandum Opinion, Mathias did nothing.

SEC counsel contacted Mathias on two occasions to schedule the required 26(f) conference, but Mathias did not respond to the SEC's efforts to schedule the 26(f) conference. ECF No. 15. As a result, on March 17, 2026, the SEC filed Plaintiff's 26(f) Report and proposed Scheduling Order. *Id*. Mathias neither filed his portion of the 26(f) report, nor did he file his answer in a timely manner by March 17, 2026, as required under Rule 12(a)(4)(A).[3]

On March 20, 2026, the SEC received a priority mail package that indicated had been mailed on March 18, 2025, and listed the return address as "Shah M. Mathias, Ameri Metro Penndel Land Co HSRF 2575 Eastern Blvd, York PA 17402-2903," that contained what essentially constitutes a second motion to dismiss under Rule 12(b), this time based on his claim that service of process was insufficient. Ex. A, Ex. C ¶ 5. Since this motion did not appear to be

---

[3]     In fact, to date Defendant Mathias has not answered the Complaint.

docketed with the Clerk's Office, the SEC inquired about Mathias's intent to file it with the Clerk's Office on March 30, 2026 via email.  Ex. C ¶ 6-7.  Having received no response, the SEC now files this response in opposition, with Defendant's motion attached.  Ex. A.  Ex. A; Ex. C ¶ 8.

Mathias  served this second 12(b) motion more than six-and-a-half months after he received notice of the manner in which the SEC had served him, ECF No. 12, and fifteen days after the Court had denied his Rule 12(b) motion to dismiss, ECF No. 14.

## ARGUMENT

This Court should deny Mathias's improper second motion to dismiss under Rule 12(b) because the SEC properly served Mathias under Rule 4(e)(1) and 231 Pennsylvania Code § 402(a)(2)(iii), and therefore his contention that service of process was insufficient has no merit. Mathias is simply incorrect that because he was temporarily out of the country at the time the Complaint was filed, the SEC was required to use other means to serve him.  Furthermore, Mathias waived any argument that service of process was insufficient because he failed to amend his motion to dismiss after the purported defense of insufficient service of process became available.

### <u>Service of Process Was Proper</u>

Pursuant to Rule 4(e)(1), "an individual . . . *may* be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1) (emphasis added).  Under Pennsylvania law:  "Original process may be served . . . (2) by handing a copy . . . (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  231 Pennsylvania

4

Code § 402(a)(2)(iii).  Here, the SEC's process server served the Summons and Complaint, among other documents, to Tracie Snyder as property manager/person found in charge at Mathias's usual place of business:  2575 Eastern Boulevard, East York, PA 17402.  ECF No. 12, Ex. B; Ex. A, Mathias Decl. ¶ 2.  Accordingly, service was proper and in accordance with Rule 4(e)(1) and 231 Pennsylvania Code § 402(a)(2)(iii) because Mathias—who is a Pennsylvania resident—was served in Pennsylvania in accordance with Pennsylvania law.  Ex. B; ECF No. 8 ¶ 9.

Notwithstanding this, Mathias argues in the present motion that the SEC did not properly serve him because he "was outside the United States at the time the SEC purportedly served process." Ex. A ¶ 2.  Defendant asserts: "When an individual is located in a foreign country, service ***must*** comply with Federal Rule of Civil Procedure 4(f) . . . ." *Id*. ¶ 10 (emphasis added); *see also id.* ¶ 13 (Because Mr. Mathias was abroad, service under Rule 4(e) (governing service within the United States) was not available).  This position is contradicted by the plain language of the Rules and case law.  Not surprisingly, Mathias fails to provide any support for his assertion.  Specifically, Rules 4(e) and (f) are both permissive in describing how individuals "may" be served; they are not proscriptive and exclusive.  Fed. R. Civ. P. 4(e) and (f).  In other words, when a defendant is in a foreign country, the Rules do not ***require*** service pursuant to Rule 4(f) to the exclusion of appropriate avenues of service pursuant to Rule 4(e).  As one Circuit Court held:  "A plaintiff may effect proper service on an agent in the United States pursuant to Rule 4(e)(2) so long as that service complies with requirements of the Due Process Clause and the relevant statute, even though the individual party to be served may not be 'found' personally in the United States at the time of service." *Silvious v. Pharaon*, 54 F.3d 697, 702 (11th Cir. 1995); *see also Merchs. Bank of Ind. v. Craik*, No. 22-cv-1800-MPB-MJD, 2024 WL

5

1406442, at *3 (S.D. Ind. Jan. 22, 2024) (rejecting argument that service under Rule 4(e)(2)(c) was insufficient because defendants were foreign citizens and thus plaintiff was required to follow the Hague Convention and Canadian law).  The Rules and Commentary of the Federal Rules themselves make this clear:  "Note that service can occur under Rule 4(e) even if the individual is out of the country at that time."  1 Federal Rules of Civil Procedure, Rules and Commentary § 4:32 Scope of Rule 4(e) (June 2025)).[4]

**Mathias Waived His Argument of Insufficient Service of Process**

The SEC fully complied with Rule 4 in serving Mathias.  For that reason, and for that reason alone, the Court should deny this motion.  However, it is also the case that Mathias has waived this issue.  Under Rule 12(g)(2), with limited exception, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Relatedly, "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."  Fed. R. Civ. P. 12(h)(1)(A).

As Mathias himself acknowledged, he filed a motion to dismiss under Rule 12(b) that did not raise his current argument that service of process was insufficient.  Ex. A.  Even assuming that Mathias's insufficient service of process argument were not available as of July 31, 2025, when he first filed his 12(b) motion to dismiss, he would have been aware of such purported defense by August 29, 2026, at the latest.  ECF No. 12; Ex. C ¶¶ 2-4.  Under the Rules and

---

[4]    Interestingly, Mathias continues to conceal his residence, and states that he resides alone and that no other individual of suitable age and discretion resides at his dwelling who could have accepted service on his behalf during his absence. Ex. A, Mathias Decl. ¶¶ 2-3.  Mathias's suggestion that it would be difficult to serve him under Rule 4(e)(2)(B), however, is beside the point because the SEC already properly served him through the property manager at his usual place of business pursuant to Rule 4(e)(1) and 231 Pennsylvania Code § 402(a)(2)(iii).

applicable case law, Mathias had an obligation to amend his pending motion to dismiss under Rule 12(b) to include the purported additional ground that service was insufficient under Rule 12(b)(5) once it became available.  Having failed to do so, Mathias waived the argument.  *Holley v. United States*, No. 24-cv-1536 (LLA), 2025 WL 266532, at *3 (D.D.C. Jan. 22, 2025) ("If the United States wanted the court to consider insufficient service as a basis for dismissal, it should have amended its motion to dismiss after the service deadline expired."); *Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 50 (D.D.C. 1998) ("Defendants' failure to amend their motion once the defense of insufficient service of process became 'available' thus constituted a waiver of that defense.").

Furthermore, even though pleadings of *pro se* defendants are entitled to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* defendants are not excused from complying with the Rules.  *Brooks v. U.S. Dep't of Justice*, No. 21-cv-2235 (UNA), 2021 WL 6621165, at *1 (D.D.C. Aug. 27, 2021) ("Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.") (Sullivan, J.);  *Duffy v. Verizon Comms., Inc.*, No. 05-cv-2005 (TFH), 2007 WL 2506445, at *1 n.2 (D.D.C. Aug. 31, 2007) ("Th[e] principle [that *pro se* litigants are allowed more latitude than litigants represented by counsel] does not, however, afford *pro se* plaintiffs a wholesale exemption from compliance with applicable rules and easily-comprehended court orders.").

Moreover, Mathias's motion to dismiss was unambiguous that it was based on lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3).  This is not an instance in which a *pro se* litigant sought to raise a defense in an inartful manner.  Rather, Mathias chose particular provisions of Rule 12 under which to challenge the SEC's Complaint, and thus made a conscious decision not

to move to dismiss for insufficient service of process under Rule 12(b)(5) until more than six-and-a-half months after he received notice of the manner in which the SEC had served him, ECF No. 12, and over two weeks after the Court denied his Rule 12(b) motion to dismiss, ECF No. 14.  No doubt the reason that Rule 12(h)(1)(A) "forbid[s] successive motions" to dismiss and provides for the waiver of certain defenses under 12(b) is to prevent these very circumstances—namely, where a defendant loses his motion to dismiss, but still refuses to participate in the case and instead seeks a stay of the case deadlines based on a purported additional Rule 12(b) defense that lacks any merit.  Notes of Advisory Committee on Rules – 1966 Amendment, *Subdivision (h)*.  Rewarding Mathias for his dilatory tactics would prejudice the SEC—as the plaintiff in this case—from timely holding Mathias accountable for his fraudulent actions as alleged in the Complaint.

## CONCLUSION

For all the foregoing reasons, the SEC respectfully requests that the Court deny Mathias's second motion to dismiss under Rule 12(b).

Dated: April 1, 2026

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

*/s/ Gregory R. Bockin*
Gregory R. Bockin (DC Bar No. 450885)
Judson T. Mihok
Philadelphia Regional Office
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
(215) 597-3100
(215) 597-2740 (fax)
bocking@sec.gov
mihokj@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, I caused to be served a true and correct copy of the foregoing Plaintiff's Opposition to Defendant Mathias's Motion for Relief From Order and to Dismiss for Insufficient Service of Process, or in the Alternative, to Quash Service in the following manners:

Via email:

Defendants Shahnawaz Mathias, Penndel:
shahmathias@yahoo.com

And via mail to the following addresses:

Defendants Shahnawaz Mathias, Penndel:
P.O. Box 163
Red Lion, PA 17356

Defendants Shahnawaz Mathias, Penndel:
3255 Cape Horn Road, Apt. 163
Red Lion, PA 17356

Defendants Shahnawaz Mathias, Penndel, Ameri Metro, HSRF:
2575 Eastern Boulevard
York, PA 17402

Defendant Ameri Metro:
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Defendant HSRF:
c/o Registered Agent Robert Bole
1735 Sheridan Ave., Suite 224
Cody, WY 82414

*/s/ Gregory R. Bockin*
Counsel for Plaintiff

9