**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>SHAHNAWAZ MATHIAS, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 25-2313 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") has filed a Complaint against Defendants Shahnawaz Mathias a/k/a "Shah" Mathias ("Mr. Mathias"), Ameri Metro, Inc. ("Ameri Metro"), Penndel Land Development Co. ("Penndel"), and HSRF Trust ("HSRF") (collectively "Defendants"). *See* Compl., ECF No. 1.[1] The Commission alleges the following Claims for Relief: (1) Unregistered Offers and Sales of Securities in Violation of Sections 5(a) and 5(c) of the Securities Act against all Defendants; (2) Fraud in Violation of Section 17(a) of the Securities Act against all Defendants; (3) Fraud in Violation of Section 10(b) and Rule 10b-5 of the Exchange Act against

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

1

Defendants Mr. Mathias and Ameri Metro; (4) Fraud in Violation of Section 10(b) and Rules 10b-5(a) and (c) of the Exchange Act against Penndel and HSRF; (5) Periodic Reporting Violations in Violation of Exchange Act Section 13(a) and Rules 12b-20, 13a-1, and 13a-11 thereunder against Ameri Metro; (6) Periodic Reporting Violations-Aiding and Abetting Ameri Metro's Violation of Exchange Act Section 13(a) and Rules 12b-20, 13a-1, and 13a-11 thereunder against Mr. Mathias; and (7) Control Person Liability for Ameri Metro's, Penndel's, and HSRF's Violations of the Exchange Act against Mr. Mathias. *Id.* at 19-25.

On March 3, 2026, the Court denied Mr. Mathias' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). *See* Mem. Opinion and Order, ECF No. 13. Now pending before the Court is Mr. Mathias' Motion for Relief from the Court's March 3, 2026 Memorandum Opinion and Order pursuant to Federal Rules of Procedure 12(b)(5) and 60(b)(4), and to dismiss or quash service of process because Mr. Mathias' was not properly served ("Mot. for Relief"). *See* Mot. for Relief, ECF No. 17. Mr. Mathias proceeds *pro se*.[2]

---

[2] Mr. Mathias may appear *pro se* on his own behalf, but may not appear on behalf of the corporations named in the Complaint. *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 835 (D.C. Cir. 1984)(stating individual who was not a member of the bar of any court may appear *pro se*, but is not qualified to appear as counsel for others).

Upon careful consideration of the Motion for Relief, the Commission's Opposition, the applicable law, and for the reasons explained below, the Court **DENIES** the Motion for Relief.[3]

## I.    Procedural Background

The SEC filed the Complaint against Defendants on July 18, 2025. *See* Compl., ECF No. 1. On July 21, 2025, summons was electronically issued to the Defendants. *See* Summons, ECF No. 3. The Summons for Mr. Mathias listed the following address: SHAHNAWAZ MATHIAS a/k/a Shah Mathias 3255 Cape Horn Road, Apt. 163 Red Lion, PA 17356. *See id.* at 1. Before any Return of Service was filed for Mr. Mathias, he filed, on August 8, 2025, a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, and Improper Venue pursuant the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). *See* Mot. to Dismiss, No. 8.

On August 21, 2025, the SEC requested that the Summons be reissued to Mr. Mathias at a different address: 2575 Eastern Boulevard, York, PA 17402. *See* Request for Summons to Issue, ECF No. 10. Mr. Mathias' Declaration avers that his "primary mailing address is PO Box 163, Red Lion, Pennsylvania 17356. For safety reasons I do not declare my address anywhere. The business

---

[3] Mr. Mathias did not file a Reply brief in response to the SEC's opposition brief. *See generally* Dkt. for Civil Action No. 25-2313.

address associated with Ameri Metro, Inc., Penndel Land Development Co., and HSRF Trust is 2575 Eastern Boulevard, York, Pennsylvania 17402." Mathias Decl., ECF No. 16-2 ¶ 1. The Summons for Mr. Mathias was reissued on August 22, 2025, *see* Summons, ECF No. 11; and the Return of Service/Affidavit was filed on August 29, 2025, *see* ECF No. 12. The process server avers that "I left the summons at the office or usual place of business of Shahnawaz Mathias with Tracie Snyder, property manager, at 2575 Eastern Blvd., East York, PA 17402 on 8/26/2025 at 11:53 am." *Id.* at 2.

## II.  Legal Standards and Analysis

### A. Mr. Mathias Waived Insufficient Service of Process as a Ground for Dismissal

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for insufficient service of process. FED. R. CIV. P. 12(B)(5). Federal Rule of Civil Procedure 12(g)(2) "forbid[s] a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he

made his original motion." FED. R. CIV. P. 12(g)(2), Commentary to 1966 Amendment.

Here, Mr. Mathias moved to dismiss, specifically citing Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), on August 4, 2026. *See* Mot. to Dismiss, ECF No. 8. Mr. Mathias had not been served when he filed the Motion to Dismiss. However, a Rule 12(b)(5) motion became available to him when he was served on August 26, 2025. *See* Return of Service/Affidavit, ECF No. 13. If Mr. Mathias wanted the Court to consider whether the case should be dismissed for insufficient service of process, he "should have amended [his] motion to dismiss" after he was served. *Holley v. United States*, Civil Action No. 24-1536, 2025 WL 266532, at *3 (D.D.C. Jan. 22, 2025). "Having failed to do so, the [C]ourt will treat the issue as waived." *Id.*

The Court is mindful that pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).

5

### B. Even if Mr. Mathias Had Not Waived Insufficient Service of Process, Service of Process Was Sufficient and Valid

Pursuant to Federal Rule of Civil Procedure Rule 4(e)(1), "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania law provides that "[o]riginal process may be served . . . (2) by handing a copy . . . (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." 231 Pennsylvania Code § 402(a)(2)(iii). Here, Mr. Shah was served at his usual place of business by leaving the documents with the property manager.

Mr. Mathias argues that service was not effective because he "was outside of the United States at the time the SEC purportedly served process" and so "service was not effectuated in compliance with the Federal Rules of Civil Procedure" pursuant to Rule 4(f). Mot. for Relief, ECF No. 17 at 2, 3. Rule 4(f) governs how an individual "may be served at a place not within any judicial district of the United States." FED. R. CIV. P. 4(f). Mr. Mathias, however, provides no support for his assertion that "[w]hen an individual is located in a foreign country, service must comply with Federal Rule of Civil

Procedure 4(f)." *See generally id*. Nor could he. First, Rules 4(e) and 4(f) are both permissive; they are neither proscriptive nor exclusive. Second, "service can occur under Rule 4(e) even if the individual is out of the country at that time." 1 Federal Rules of Civil Procedure, Rules and Commentary § 4:32 Scope of Rule 4(e) (June 2025); *see also Silvious v. Pharaon*, 54 F.3d 697, 701 (11th Cir. 1995); *Phoenix Process Equipment Co. v. Capital Equipment & Trading Corporation*, 250 F. Supp. 3d 296, 300-01 (W.D. Ky. 2017); *Calista Enterprises Ltd. v. Tenza Trading Ltd.,* 40 F. Supp. 3d 1371, 1376 n.2 (D. Or. 2014).

### III. Conclusion and Order

For the reasons explained above, it is hereby

**ORDERED** that Mr. Mathias' Motion for Relief, ECF No. 17, is **DENIED.**

**SO ORDERED.**

**Signed:**       **Emmet G. Sullivan**
          **United States District Judge**
          **June 9, 2026**

7